There has been no evidence to show that at the time that Mr. Garcia failed to retain the records, that he was aware of that. So yes, under the technical rules that apply, the records should have been retained, but there has been no evidence provided by the plaintiff that Mr. Garcia was aware of this and that he intentionally decided to ignore that record. He treated this as he had treated every other situation with probationary employees. Exactly which records were lost? The ones that the plaintiff contends were essential to her case is the file that Mr. Garcia kept on all the probationary employees that had the examples of their errors and mistakes. Essentially, it's called the performance file, the document that Mr. Garcia would have referred back to to see during the course of time that someone was a probationary employee whether or not they should go from probationary status or to permanent status at the end of the year. So, for example, in Ms. Alforque's case, when Mr. Garcia was having to make that decision as to whether or not she should go from probationary to permanent, he went and looked back at the file and looked at all of the mistakes and errors that had been made. And we've produced those in the record. They're in the supplemental excerpts of record. And in Ms. Alforque's case, she'd had a numerous number of errors, and it's not just the number of errors. It's the fact that she was given every opportunity to try to fix them. She was given help by Ms. Beltrami as well as Mr. Garcia. And it's the fact that the errors over time did not dissipate. They continued. Were the people who make these records are who? Who reports that these mistakes are made and she doesn't learn from the mistake and that sort of thing? Well, what they do, what Mr. Garcia did was kept a copy of the mistakes as they would come in. So because what this type of job involved was routing, essentially sort of an accounting type job. It's not exactly accounting, but I think that's probably a good analogy. Ms. Alforque was responsible for routing customs entries to various departments. What I'm trying to get at is you said she could have found this kind of stuff out by discovery. Who around, who was still around that she could have, in effect, recreated this? With regard to other probationary employees? She could have deposed the other probationary employees to find out if they had received memos about mistakes because that's what she had received. Were there memo writers available, people who wrote memos? Yes. The customs, that's true, Your Honor. The other units that would receive Ms. Alforque's work by mistake would have been the same people who would have, if there had been any other probationary employees who had generated work that was sent by mistake, those same unit heads could have been deposed to say, did you have problems with memos that were misrouted by probationary employee X? Ms. Alforque did not depose those individuals. So in addition to the probationary, other probationary employees, the Court is correct, there are other department heads who could have been deposed to find out about the other probationary employees. You said that these records of the other probationary employees should have been kept under the technical rules. The EEOC. Now, are those rules binding upon the Customs Service? I'm not sure what the Court means by binding, but the Customs Service is bound by the EEOC rules. Okay. So what precisely do those EEOC rules say in terms of retention? It says essentially that when there is an EEOC complaint filed, as Ms. Alforque eventually did in this case, that records that might be relevant to the matters discussed in the employee's EEO complaint should be retained. But a supervisor does not always know about the fact that there has been an EEOC complaint filed until further down the process. So when it says complaint filed, what is, for purposes of this rule, what is the filing of a complaint? I believe there are two things, an informal EEO complaint and then the formal EEO complaint that is subsequently filed. So any informal complaint requires that as soon as that happens, they've got to keep the other records? Yes, but it's called an informal complaint, and that may be a little misleading because it's actually not just a verbal complaint. It's a document. Because of the EEO settlement process, it's a document that the plaintiff actually has to submit that's called an EEO informal complaint document. And when did Ms. Alforque file her informal complaint in this case? I'm sorry, Your Honor. I don't know. I know that it was before September of 1996 when the plaintiff contends that the records were discarded. So you don't contest that they should have been? No, I don't. Now, when you say, then, that the records were destroyed in the ordinary course of business, what you really mean is they were destroyed in the ordinary course of Mr. Garcia's practice. That's true, Your Honor. The ordinary course of business here, if we're talking about ordinary course of business complying with the relevant rules, this was not in the ordinary course of business. If Mr. Garcia had been aware of the EEO complaint, then yes, he would have. Then whose responsibility is it to make him aware? Your Honor, there's nothing in the rules that specifies that. I would think that it would be the defendant's responsibility somehow within his bureaucratic processes to alert, you know, the entire body of the defendant, as it were. Your Honor, even if that were the case, that there was a responsibility to retain these records, as I said earlier, the same information could have been obtained in discovery. But perhaps more importantly, to address your concern, that even if these records could have been obtained, or excuse me, should not have been destroyed. In Sneed, this Court said that merely providing evidence sufficient to raise an inference of discrimination, i.e., this failure to retain, would not necessarily create a genuine issue of material fact regarding pretext and intent. You have to look to see what evidence the defendant has put on with respect to the reasons for the termination. And in this case, the defendant has given reasons for its termination that consisted of documentation of all of the errors made by the plaintiff. And here we would ask, and I'll sum up, but we would ask that the Court affirm the district court's judgment because the district court looked at and the defendant provided substantial evidence to show that Ms. Alforque was given every opportunity to improve her performance and instead of doing so, continued to deny responsibility. And she failed to refute that in her summary judgment opposition with any admissible evidence. Let me just ask you before you close. How was the business of the missing records dealt with in the district court? Ms. Alforque simply said in the district court that the records were destroyed. And we came back and the government came back and said there was an opportunity for her to take discovery on these matters. And the district court relied upon that in reaching her decision. The district court said she had that opportunity. Counsel, let me ask you this. Would you agree that if the records which were missing showed that the other probationary employees had as many, if not more mistakes, that that might raise an issue of material fact? If the records demonstrated that the other employees had more mistakes than Ms. Alforque. Or the same number. Or the same number. You would have to – I cannot honestly answer that question without knowing exactly because there could have been other considerations. For example, perhaps the other employees had made the same number of mistakes early on in their year, tenure. But improved over time. Then that Mr. Garcia's testimony is that that would have been one of the things he took into consideration. In Ms. Alforque's case, she made errors early on. She continued to make errors after instruction. And she continued to make errors even into December and January and February of 1996. Let me ask you this question. How is it that Ms. Alforque's record of errors was retained and the others were destroyed? Because for Mr. Garcia's practice, as the court pointed out, when he had a probationary employee who was not going to be kept on, he kept those records. These other probationary employees were – their status was changed. All right. Thank you. Thank you, Ms. Campbell, very much. Thank you. The case is submitted. Good morning to both counsels.
judges: Silverman, W Fletcher, Rawlinson